UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                            )
                                  )
Jordan Charles Bressler           )
                                  )    Case No. 12-11104C-7G
                Debtor.           )
                                  )
                                  )
                                  )
_____ )

OPINION AND ORDER

The matter before the court is a motion by Bank of Oak Ridge ("Oak Ridge") pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay regarding a certificate of deposit owned by the Debtor ("C.D.") and in the possession of Oak Ridge and the Debtor's interest in two securities accounts located at Wells Fargo Advisers ("Wells Fargo Accounts"). Oak Ridge asserts that it has a perfected security interest in the C.D. and the Wells Fargo Accounts and should be granted relief from the automatic stay pursuant to section 362(d) because the Debtor has no equity in either the C.D. or the Wells Fargo Accounts. At the initial hearing on the Motion, the court granted relief as to the C.D. but took the Motion under advisement as to the Wells Fargo Accounts. Based upon the additional documentation submitted by Oak Ridge, the court is now satisfied that Oak Ridge has a perfected security interest in the Wells Fargo Accounts and that relief from the automatic stay should be granted as to the Wells Fargo Accounts, as well.

The Oak Ridge security agreements describe the collateral as including all of the Debtor's investment property including, specifically, the Wells Fargo Accounts.  Oak Ridge thereby acquired a security interest in the Wells Fargo Accounts.  Whether these security interests were perfected requires a more detailed analysis.

A security interest in investment property may be perfected pursuant to N.C. Gen. Stat. § 25-9-106  by showing control of the investment property.   Section 25-9-106 provides that a secured party having control of all security entitlements[1] carried in a securities account has control over the securities account.  Id. §

---

[1] Under section 25-8-102(a)(17), a "security entitlement" means the "rights and property interest of an entitlement holder with respect to a financial asset specified in Part 5 of [Article 8]."  Under section 25-8-501(b)(2), a person acquires a security entitlement if a securities intermediary acquires a financial asset for the person and accepts it for credit to the person's securities account. A "securities account" means an account to which a financial asset may be credited in accordance with an agreement under which the person maintaining the account undertakes to treat the person for whom the account is maintained as entitled to exercise the rights that comprise the financial asset. Id. § 25-8-501(a).
The Wells Fargo Accounts are standard brokerage accounts, and pursuant to the account agreements, Wells Fargo Advisors may purchase, sell, and credit securities to the account on behalf of the account holder. As such, the Wells Fargo Accounts are securities accounts. Furthermore, the rights and property interest in the financial assets credited to the accounts are security entitlements because Wells Fargo Advisors accepts them for credit to the account. Accordingly, pursuant to N.C. Gen. Stat. § 25-9-106(c), Oak Ridge may control, and thus perfect its interest in the Wells Fargo Accounts, so long as it has control over all of the security entitlements in the accounts.

25-9-106(c).  Under section 25-9-106, whether a person has control of a "security entitlement" is to be determined under N.C. Gen. Stat. § 25-8-106.

Under section 25-8-106(d), a purchaser has control of a securities entitlement if the purchaser becomes the entitlement holder.  A "purchaser" means a person that takes by purchase, id. § 25-1-201(b)(30), and to "purchase" means "taking by sale, . . . lien, security interest, issue or reissue, gift or any other voluntary transaction creating an interest in the property.  Id. § 25-1-201(b)(29).   An "entitlement holder" means "a person identified in the records of a securities intermediary as the person having a security entitlement against the securities intermediary."  Id. § 25-8-102(a)(7).  Here, the court finds that Oak Ridge is a "purchaser" as defined in Article 1 because it has a valid security interest in the securities accounts.  The court also finds that Oak Ridge is identified in Wells Fargo Advisor Records as the person having a security entitlement against Wells Fargo Advisors and therefore "became the entitlement holder."  The accounts at issue are named "Bank of Oak Ridge Collateral Account FBO Jordan Bressler & Jennifer Bressler."   These account descriptions reflect that Wells Fargo Advisors holds the Wells Fargo Accounts in Oak Ridge's name, thereby identifying Oak Ridge in its records as the person having a security entitlement against Wells Fargo Advisors, as security intermediary.  Since Oak Ridge,

- 3 -

as purchaser, became the entitlement holder over the Wells Fargo Accounts, it has control over all the security entitlements held in the accounts which means that its security interest in the accounts is perfected pursuant to N.C. Gen. Stat. §§ 25-8-106(d) and 25-9-106(a), (d). It follows that Oak Ridge should be granted relief from the automatic stay as to the Wells Fargo Accounts.

IT IS SO ORDERED.

This 6th day of November, 2013.

WILLIAM L. STOCKS
United States Bankruptcy Judge

Parties to be Served


Jennifer Adams Ledford
PO Box 20570
Greensboro NC 27420-0570

William P Miller
Bankruptcy Administrator
PO Box 1828
Greensboro NC 27402

Gerald S. Schafer
220 Commerce Place
Greensboro NC 27401

Rebecca L. Cage
PO Box 26000
Greensboro NC 27420

Jordan Charles Bressler
25 Cape May Pt.
Greensboro NC 27455